### COOK et al. v. EMPIRE FURNITURE CO.

(Supreme Court, Special Term, Erie County. March 15, 1907.)

1. JUDGMENT—DEFAULT JUDGMENT—OPENING OR VACATING—AFFIDAVITS ON APPLICATION.

An affidavit of defendant's attorney on a motion to set aside a default judgment stating that he is desirous of defending the action upon the merits, and of serving an amended answer setting forth that there was an express warranty in the sale of the goods, that certain goods were returned aggregating. as deponent is informed, the sum of $500 or $600, and that defendant desires to set up a counterclaim for the damages suffered by the neglect of the plaintiffs to comply with their contract, etc., is insufficient as showing that the defendant has any material defense or counterclaim.

2. SAME—TIME OF TAKING.

Code Civ. Proc, § 977, provides that at any time after the joinder of issue and at least 14 days before the commencement of the term either party may serve a notice of trial. Section 980 provides that either party who has served the notice may bring the issue to trial and, in the absence of the adverse party, unless the judge otherwise directs, may proceed with the cause and take a dismissal or judgment. Plaintiff having served a notice of trial upon answer and filed a note of issue, the cause was brought on for trial and a judgment taken on inquest, by default, all of which proceedings were had before the expiration of the time within

which defendant was entitled as of right to amend his answer, but defendant permitted that time to expire without amending his answer.
*Held*, that the judgment was in all respects regular and valid.

Action by Seelye A. Cook and others against the Empire Furniture Company. Motion by defendant to set aside a judgment taken by plaintiffs on inquest, by default, and for leave to serve an amended answer. Motion denied.

James E. Brande, for the motion.
John J. Ryan, opposed.

BROWN, J. Action commenced December 29, 190?, by personal service of summons and complaint. Answer served by mai January 18, 1907. Notice of trial served by p'aintiff by mail January 19, 1907. Note of issue filed and cause put on Or eans calendar for February 4, 1907, term. Cause on day calendar, moved for trial b plai itiff, and on February 8, 1907, judgment taken b:' default. On March 1, 1907, 41 days after service of answer, defendant served these motion papers for an order vacating the judgment and for leave to serve an amended answer.

The motion is based upon the contention that the defendant had 40 days after January 18, 1907, in which to amend his answer as of course; that such right operated as a stay of plaintiffs' proceeding; that the cause was irregularly noticed for trial on the 19th of Janu ry, 1907, and judgment by default was irregularly taken on the 8th of February, 1907. The defendant's moving papers do not contain the proposed amended answer. The nature and character of the proposed amendment of the answer by defendant are not set forth in the moving papers, except as stated by the atturney for the defendant "that there was an express warranty in the sale of the goods made, that ceitain goods were returned aggregating, as deponent is informed, to the sum of $500 or $600, and that defendant desires to set up a counterclaim for the damages suffered to defendant by reason of the failure and neglect of the said plaintiffs in complying with their agreement of sale," etc. It is very evident that these facts do not constitute a counterclaim. The mere fact that the attorney for the defendant states that "he is desirous of defending this action upon the merits, and is also desirous of serving an amended answer herein stating and setting forth" the foregoing quoted matter, by no inference or construction furnishes the court with proof that the defendant has any defense or counterclaim that is material.

The affidavit of merits is of no avail. It falls far short of complying with many of the requirements. It is of no aid to the court in determining that the defendant in good faith desires to serve an amended answer to present some legitimate defense or counterclaim, and that such amended answer is not sought to be interposed for delay.

The next trial term in Orleans county at which this cause could be tried is in September, 1907. The plaintiffs had a right to notice this cause for trial on January 19, 1907 (section 977, Code Civ. Proc.), and to bring the issue to trial (section 980). The only possible penalty to be incurred by the plaintiffs in noticing the cause for trial before the expiration of the time in which defendant could amend his

answer as of course was in case the defendant did serve an amended answer. The date of issue would thereby be changed and trial postponed beyond the February term. The defendant did not choose to serve an amended answer within his alleged time, and plaintiffs' rights were not limited or interfered with. The right to serve an amended answer gives defendant no advantage unless exercised. Unless this amended answer were served before the right to do so as of course expired, the notice of trial served stood and continued in force. The plaintiffs were not prevented from moving the cause for trial on February 8, 1907, because the time in which the defendant had the right to amend its answer had not expired, and defendant's failure to exercise such right at any time renders plaintiffs' judgment in all respects regular.

The answer of the defendant not being verified, the affidavits of merits each being defective, no proposed amended answer being served with motion papers, the defendant is not entitled to serve some amended answer and forcibly delay a trial until September.

Motion denied, with $10 costs, and the stay of Mr. Justice Greenbaum, issued herein March 1, 1907, is hereby vacated.